IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CANDILYN COPELIN-BROWN,

      Plaintiff,

v.                                                               CIV NO. 02-1638 LH/ACT

NEW MEXICO STATE PERSONNEL OFFICE,
a New Mexico State Agency, and SHERRY SMITH,
GIP BROWN, and SANDRA K. PEREZ, individually
and as supervisors of the NEW MEXICO STATE
PERSONNEL OFFICE,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER COMES before the Court on the Plaintiff's Motion to Compel Non-evasive Answers to Interrogatories No. 1 and 3 (Doc. No. 27). Having considered the Motion, the Response, the Amended Response, the Reply and the exhibits, the Court finds that the Motion to Compel is well-taken in part and will be granted in part and denied in part.

In Plaintiff's First Set of Interrogatories to the Defendants, the Plaintiff asked for the identification of all persons "involuntarily separated" from employment pursuant to Rule 1 NMAC 7.10.13.2 and 1 NMAC 7.10.13(b)(2) by either the State Personnel Agency or any other state agency. At first, Defendants claimed they had knowledge of only one employee, the Plaintiff. Upon supplementation however, the Defendants first objected to the Interrogatory

on the grounds of relevance. Then they added three names of employees from three state agencies who had been involuntarily separated since March 2003. Defendants explained in their supplemental response and by a letter dated July 21, 2003, that the information may not be complete. First, they explained they were unable to retrieve the requested information prior to March 2003 because the requested information was placed only in an employee's file and no agency list was kept. Secondly, they explained they had prepared a computer program to retrieve the information but that the information may not be complete because the specific state agency did not always correctly code the separation status of the employee.

Plaintiff argues that 1) the Defendants have waived their right to object to this Interrogatory since they did not do so timely and only objected on the grounds of relevancy, 2) that the names of the personnel sought are relevant to the issues in this lawsuit, 3) that the State Personnel Office has a duty to track (and keep records of) state employees who are involuntarily separated under Rule 1 NMAC 7.13.5, and 4) that even if the State Personnel Office does not have the names in its records, it has an obligation to retrieve those names from other state agencies.

The Court finds that the Defendants did not waive their right to argue that the Interrogatory is not relevant but finds, nevertheless, that the information sought by Interrogatory No. 1 is relevant. The basis of Plaintiff's lawsuit is that by being involuntarily separated she lost certain rights and suffered discrimination. One of her theories is that the Defendants engaged in a pattern of discrimination against persons with disabilities. Thus, one of her claims involves determining whether there is a pattern of discrimination involving other state employees from other state agencies who have been involuntarily separated.

Fed. R. Civ. P. 26(b) allows parties to obtain discovery regarding any matter, not privileged, that is relevant to their claims.  Relevant information includes information that appears reasonably calculated to lead to the discovery of admissible evidence.  *See, e.g., Gomez v. Martin Marietta Corp.*, 50 F. 3d 1511 (10th Cir. 1995).  The Court finds that information regarding other state personnel, including their names, identifying information, department of employment and date of involuntary separation, is relevant to one or more of Plaintiff's claims.  The Court further finds that the Defendants should be able to find these names without extraordinary hardship especially since the State Personnel Office is obliged by their regulations to be notified in advance of any proposed involuntary separations by other state agencies.  The Defendants are ordered to answer Interrogatory No. 1 as fully as is possible, providing the names of state employees who have involuntarily separated within the last three years, their identifying information, their department and their date of involuntary separation.

Plaintiff's Interrogatory No. 3 asks, "Please state how 'involuntary separation' as used in Rule 1 NMAC 7.10.13.2 and 1 NMAC 7.10.13(b)(2) is different than being "terminated'."  Defendants responded that the word "terminated" is not used in 1 NMAC 7.7.10 and there is no basis in the State Personnel Rules to answer the Interrogatory.  In their responsive pleading to this motion, the Defendants explain that the State Personnel Rules use the words "discharge" rather than "terminate" to refer to a disciplinary separation from employment.  The Court finds that the response to the interrogatory is complete, responsive and not evasive.  Apparently, counsel for both parties are trying to clarify the differences between being "discharged" and being "involuntarily separated" from employment in a state agency.  Those issues can be addressed in further interrogatories or depositions.  Defendants have answered this Interrogatory.

3

CONCLUSION

IT IS ORDERED THAT Defendants fully answer Plaintiff's Interrogatory No.1 within thirty days of the date of the entry of this Memorandum Opinion and Order by providing the names of employees who were involuntarily separated from employment pursuant to Rule 1 NMAC 7.10.13.2 and Rule 1 NMAC 7.10.13(b)(2) by the State Personnel Office or any other state agency within three years of the date Plaintiff was involuntarily separated. The answer should include the employees' identifying information such as last known addresses and phone numbers, the date on which the employees were involuntarily separated and the state agency from which they were involuntarily separated.

IT IS FURTHER ORDERED THAT Defendants are not required to supplement their answer to Plaintiff's Interrogatory No. 3. Plaintiff's request for attorney's fees is denied.

_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE